ALBERT B. CHICK, executor, *vs.* CHARLES H. NUTE, assignee.

Suffolk.    November 27, 1899. — May 16, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Unrecorded Chattel Mortgage — Delivery and Possession.*

An unrecorded mortgage of personal property, partly in possession and partly after acquired, not delivered to and retained by the mortgagee, is not valid against the assignee of the mortgagor under a voluntary assignment for the benefit of creditors. *Wilson* v. *Esten*, 14 R. I. 621, distinguished.

REPLEVIN of certain personal property, including fixtures. Trial in the Superior Court, before *Bishop*, J., who reported the case for the determination of this court, in substance as follows.

On August 11, 1887, Nathaniel P. Nutter, who carried on the business of tailoring in Boston, borrowed $1,000 of Harrison Chick, his uncle, for which he gave a promissory note, having previously, on August 5, executed to Chick a bill of sale of the stock of goods, fixtures, and other property in his store. On August 12, Nutter and Chick entered into a written agreement wherein Nutter agreed to buy at his own cost and keep in stock in his store an amount of goods equal in value to the stock then on hand, to pay the running expenses of the business, and, while the note remained unpaid, to keep at all times a stock of not less than $1,000 in value, with the understanding that all goods bought by him should be the property of Chick. The judge found that the instruments, though bearing different dates, constituted parts of one transaction; that they were never recorded; that no delivery of the property mentioned in the bill of sale was ever made by Nutter to Chick, but that it remained in the possession of Nutter; and that the goods were all made into garments and sold by Nutter in the regular course of his business, and other goods were bought by Nutter in his own name to place and keep in his store, and these again were made into garments and sold to customers, and so on; so that at the time of the assignment hereinafter mentioned the goods which Nutter had in the store were not the same as those covered

by and described in the bill of sale. The fixtures were the same. On October 23, 1896, Nutter executed to the defendant a common law assignment of all his property, including the stock of goods, fixtures, etc., then in the store, for the benefit of his creditors.

The judge ruled that no claim was established in favor of the plaintiff in the property replevied except in the fixtures, and as to all other property found for the defendant, and ordered a return to the defendant with damages, but found for the plaintiff in replevin for the fixtures.

If the rulings and findings or either of them were erroneous they were to be set aside, reversed, or modified, and such order entered as the court should determine; otherwise judgment was to be entered upon the findings.

*A. P. Worthen*, for the plaintiff.

*H. L. Baker*, for the defendant.

HOLMES, C. J. The bill of sale is shown to have been a mortgage by the agreement made as part of the same transaction. It is plain that if Nutter paid his note Chick was not to keep the goods. The only goods embraced by the instrument which were owned by Nutter at the time, and which are still on hand, are the fixtures. The rest is after acquired property. The instruments were not recorded, and possession was not taken by Chick of any part of the property before the assignment to the defendant and possession taken by him.

The old notion with regard to conveyances or mortgages of after acquired property was that they were simply void. Now such instruments are recognized as contracts, which on the acquisition of the property may operate as conveyances if they sufficiently identify the thing conveyed, and if other necessary conditions are satisfied. *Blanchard* v. *Cooke*, 144 Mass. 207, 225, 227. The other necessary condition, if they are not recorded, is that possession must be taken before other rights intervene. In this case we need not consider whether such an instrument could be recorded effectively after the chattels to which it applies have been acquired and the instrument begins to operate as a mortgage properly so called. It is settled that recording at an earlier date is not notice, and it may be that recording at the 'later moment would be equally ineffectual.

We express no opinion upon that. If it be true, then the only way in which the mortgagee can make his mortgage valid as against others than the mortgagor is by taking possession. The policy of the law is not to be evaded. In this case he neither recorded nor took possession.

The defendant was not a party to the mortgage. *Bingham* v. *Jordan*, 1 Allen, 373. It follows that the mortgage was not valid against him even as to the after acquired stock of goods, and, *a fortiori,* as to the fixtures. Probably the ruling of the Superior Court was based on *Wilson* v. *Esten,* 14 R. I. 621, which construed the assignment as purporting to be subject to the mortgage. We could not adopt a similar construction in the assignment before us. It specifies the goods.

Of course the plaintiff could not sustain his action of replevin on his right as creditor to avoid the conveyance to the defendant. That right he could assert by an attachment, but not by a naked election to declare the conveyance void in the interest of the earlier conveyance to himself, which the law postpones to the defendant's title. The same principle which makes the conveyance and delivery to the defendant good as against the mortgage at the moment when they were made keeps them good as against it. The fact that the later conveyance would give way to a still later attachment does not interfere with its priority over the mortgage.

*Judgment for the defendant.*