## DAVID WASSERMAN *vs.* MICHAEL McDONNELL.

Bristol.     October 26, 1905. — February 27, 1906.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Sales of Merchandise in Bulk.   Mortgage of Chattels.*

St. 1903, c. 415, in regard to sales of merchandise in bulk, has no application to a chattel mortgage of a stock in trade given in good faith for a valuable consideration and duly recorded.

A chattel mortgage of a stock in trade, declared to apply to all future acquired stock which the mortgagor shall have in his business, given in good faith for a valuable consideration, operates as an executory agreement which subjects after acquired goods to the lien of the mortgage if the mortgagee takes possession of the goods before the rights of third persons intervene.  The existence of the claim of a creditor without attachment or seizure on execution is not such an intervention.

If by the terms of a chattel mortgage five days' notice in writing of a foreclosure sale is required, and it appears that a notice either of four or five days was given, although the mortgagor may have had the right to set aside the sale for insufficient notice, yet if he has assented to the sale and treated the notice as good, the irregularity does not affect the title of a *bona fide* purchaser at the sale as against a creditor of the mortgagor.

In the foreclosure of a chattel mortgage under a power of sale contained in the mortgage it is not necessary that a notice of the foreclosure and an affidavit of the service thereof should be recorded.

LATHROP, J.   This is an action of tort against a constable for the conversion of certain goods alleged to belong to the plaintiff.   In the Superior Court the case was sent to an auditor, under an agreement of the parties that the findings of fact by the auditor should be final.   The auditor found for the plaintiff in the sum of $38.26, with interest from August 4, 1904.   On motion of the plaintiff, a judge of the Superior Court ordered judgment for the plaintiff, and the case is before us on the defendant's appeal.

It appears from the auditor's report that on February 5, 1904, one Holshanetzky owned a stock of dry goods in a shop in New Bedford, and on that day executed and delivered to one Stern a chattel mortgage of the stock, which was duly recorded.   The auditor found that the mortgage was given for the consideration therein named, and was not in fraud of creditors at common law.

After giving the mortgage, the mortgagor remained in possession of the goods, as he had a right to do under a clause in the mortgage reading as follows: "I am to sell in my usual course of business the stock in trade covered by this mortgage, and this mortgage shall apply to all future acquired stock that I shall have in my business." The possession of the mortgagor continued until four or five days before July 12, 1904, when the mortgagee through his attorney gave written notice of foreclosure to the mortgagor and took possession of the property for a breach of the conditions of the mortgage.

On July 12, the mortgagee sold the mortgaged property in one lump by public auction. The auctioneer put out a red flag the usual time before the sale, and the fact of the sale was known beforehand in the neighborhood. There was no written advertisement of the sale. There were ten or twelve persons at the sale and the auctioneer cried out the goods in the usual manner. The plaintiff made the highest bid of $875, and the goods were knocked down to him. There were other bids, among them bids of $700 and $800. The mortgagor was present at the sale and a consenting party to all proceedings. The plaintiff paid for the stock and took immediate possession thereof, and remained in undisturbed possession until the taking by the defendant on August 4, 1904.

At the time of the sale there were two creditors of the mortgagor other than the mortgagee. One was the landlord of the shop, to whom $10 was due for rent, and the other was Laura Lambert, who, on July 8, 1904, had obtained a judgment against Holshanetzky for $15 and costs. On August 4, 1904, the defendant seized a portion of the goods on an execution issued in the above named suit of Lambert v. Holshanetzky. The defendant removed the goods, and they did not again come into possession of the plaintiff.

The auditor found that the sale was conducted properly and in good faith, and that the plaintiff was a *bona fide* purchaser for value without notice of any irregularity.

1. The first contention of the defendant is that the St. of 1903, c. 415, applies to a mortgage, and the foreclosure thereof. The act is entitled "An Act to prohibit sales of merchandise in bulk in fraud of creditors." We are of opinion, however,

that this act has no application to the case at bar. The object of the statute was to protect creditors against fraudulent sales. Here no fraud was shown. The mortgage was on six months' time, and was given for a valuable consideration. It does not appear that when it was given the mortgagor had any creditors except the mortgagee. The mortgage was duly recorded.

2. The next contention is based upon the first report of the auditor, in which he stated that he found that additions were made to the stock of goods after the date of the mortgage; and that he was left in doubt whether such added stock was sold at the foreclosure sale. When the case was recommitted to the auditor, he found on this point as follows: " Between the date of the mortgage and July 12 the mortgagee added about fifty dollars worth of goods to his stock. I do not find that any such after acquired property was sold at the auction." The mortgage in question contained this clause: " This mortgage shall apply to all future acquired stock that I shall have in my business." The defendant contends that the burden of proof was upon the plaintiff to show that no after acquired goods were sold at the auction, and that the auditor's report does not show this. There is no occasion to consider these questions. The law in Massachusetts is now well settled. While property acquired after a mortgage is delivered does not pass to the mortgagee as against attaching creditors and subsequent vendees and mortgagees, yet a provision in a mortgage that it shall cover after acquired goods operates as an executory agreement that such goods shall be holden by the mortgagee as security, when acquired by the mortgagor; and the mortgagee may take possession before the rights of third persons intervene. The mere fact that a person is a creditor is not enough. He must have a claim upon the goods before the mortgagee takes possession, either by attachment or by a seizure upon an execution. *Rowley* v. *Rice*, 11 Met. 333. *Blanchard* v. *Cooke*, 144 Mass. 207, 223. *Bennett* v. *Bailey*, 150 Mass. 257, 260. *Bliss* v. *Crosier*, 159 Mass. 498. In the case at bar the only justification which the defendant sets up is the seizure of the goods on execution nearly a month after the sale.

3. The next contention of the defendant is that the foreclosure is invalid because no proper notice was given. By the terms

of the mortgage five days' notice in writing of the time and place of sale were required. The auditor has found that either four or five days' notice was given. If a mortgagor sought to set aside a sale on the ground of insufficient notice, he would prevail; but we see no ground for holding in a case like the present, where the mortgagor assents and treats the notice as good, that the sale is not valid. Besides, the plaintiff was a purchaser for value and was not affected by an irregularity in the execution of the power of sale. *Stevenson* v. *Hano*, 148 Mass. 616. *Silva* v. *Turner*, 166 Mass. 407, 413. The case of *Rogers* v. *Barnes*, 169 Mass. 179, decided merely that a mortgagor could maintain an action of tort against a mortgagee for the wrongful execution of a power of sale, when there had been no breach of any condition of the mortgage, although the land had been sold to a *bona fide* purchaser for value.

4. The last contention of the defendant is that the foreclosure is void because the notice of the foreclosure, with an affidavit of the service thereof, was not recorded. It appears in the original report of the auditor that there was no evidence concerning the record of the notice. In the supplemental report, nothing is said on the subject. We doubt whether any such question is open to the defendant; but if it is open, and the notice was not recorded, it does not follow that the foreclosure was void.

The statute upon which the defendant relies is the R. L. c. 198, § 6; but this section, together with §§ 4, 5 and 7, relates to the redemption of mortgages, and points out one method of foreclosure. They have nothing to do with a foreclosure under a power of sale, except that § 4 provides: "The mortgagor or a person lawfully claiming under him may, after breach of condition, redeem the mortgaged property at any time before it is sold in pursuance of the contract between the parties, or before the right of redemption is foreclosed." The remaining sections point out how a mortgagee may foreclose. They have no relation to a foreclosure under a power of sale contained in a mortgage.

*Judgment for the plaintiff affirmed.*

*A. Auger*, for the defendant.

*F. Wasserman*, for the plaintiff.