NEILL, trustee, v. BARBAREE, sheriff.

1. Section 60 (b) of the bankruptcy act of 1898, making voidable preferences given within four months before the filing of a petition in bankruptcy, refers to existing debts, and not to a mortgage given bona fide for a present consideration, and not in contemplation of bankruptcy, and duly recorded.

2. If such a mortgage on personalty was foreclosed in the statutory mode, and the sheriff took possession of the mortgaged property, a trustee in bankruptcy of the mortgagor, appointed after a subsequent adjudication, would not have the right to have the property delivered to him, although the petition in involuntary bankruptcy was filed before the mortgage was foreclosed.

3. The mere fact that in the bankruptcy proceeding a temporary receiver had been named, but had not taken possession when the sheriff seized the property under the mortgage foreclosures, would not alter the case. The question was between the right of possession of the trustee afterward appointed and that of the sheriff.

4. The trustee in bankruptcy has ample opportunity to intervene in the State court and contest the validity of the two mortgages involved, and to assert any right which he may claim to the property or its proceeds, or, if the mortgages are not successfully attacked, to have any surplus which may arise from the sale thereunder ordered to be delivered to him.

FEBRUARY 20, 1911.

Petition to turn over assets. Before Judge Gilbert. Chattahoochee superior court. January 26, 1910.

*Carson & McCutchen*, for plaintiff.

*C. C. Minter, H. B. Howard, Chapman & Howard*, and *Bowden & Brown*, for defendant.

LUMPKIN, J. On December 1, 1909, a petition in involuntary bankruptcy was filed by three creditors of E. E. Cook in the district court of the United States in the western division of the northern district of Georgia. On December 2, at fifty-five minutes after nine o'clock a. m., on application of the creditors a temporary receiver was appointed by the referee in bankruptcy. On November 22 preceding, a mortgage on personal property was given by Cook to a bank, and was recorded on the same day. Another mortgage was given to certain attorneys for the sum of $500, bearing date November 23, and recorded December 2. On December 2 each of these mortgages was foreclosed, and the executions issuing upon such foreclosures were levied by the sheriff on the mortgaged property at 11.30 o'clock a. m. of that date, the receiver in bankruptcy not having then taken possession. On January 15, 1910, Cook was adjudicated a bankrupt, and a trustee in bankruptcy was elected

and qualified. He made demand on the sheriff for possession of the mortgaged property, to be administered in the court of bankruptcy. The demand was refused. By permission of the court of bankruptcy the trustee filed his petition to the judge of the superior court of the county where the bankrupt lived, and the sheriff of which had possession of the personal property, requesting that the sheriff be directed to deliver possession to the petitioner. On the hearing evidence was introduced to show that the mortgage to the bank was not given for a past consideration, but for a loan of money then made, and that it was not in contemplation of bankruptcy, and the officers of the bank had no knowledge or reason to suspect that Cook was insolvent. Evidence was also introduced tending to show that the mortgage to the attorneys was to secure a fee in a case in which Cook employed them to represent him, other than the proceedings in bankruptcy, and that the attorneys did not know of Cook's insolvency, and that the mortgage was taken in good faith and without any intention to obtain a preference in violation of the bankruptcy act. A letter from the attorneys was afterwards sent out to creditors of Cook, but they explained that this arose after their employment in the other case and the giving of the mortgage. The court denied the petition of the trustee in bankruptcy, and he excepted.

Section 60(b) of the bankruptcy act of 1898, making voidable preferences given within four months before the filing of a petition in bankruptcy, refers to existing debts, and not to a mortgage given bona fide for a present consideration, and not in contemplation of bankruptcy. City National Bank v. Bruce, 109 Fed. 69; Sebring v. Wellington, 63 N. Y. 498; Bankruptcy Act 1898, § 67d. A mortgage of the latter character, duly recorded, would not be a voidable lien under the bankruptcy act. In *Merry* v. *Jones,* 119 *Ga.* 643 (46 S. E. 861), it was held that proceedings in a State court to foreclose a mortgage would not be affected by a subsequent adjudication in bankruptcy. See also *Parks* v. *Baldwin,* 123 *Ga.* 869 (51 S. E. 722) ; *Nelson* v. *Spence,* 129 *Ga.* 35 (58 S. E. 697). It was urged that in the present case it appeared that the petition in involuntary bankruptcy was filed before the proceeding to foreclose the mortgages was begun; and that, upon the subsequent appointment of the trustee, his title to the property of the bankrupt related back to the filing of the petition, and therefore antedated

the foreclosure proceeding in the State court. It was hence argued that the court of bankruptcy had the right to the possession of the mortgaged property. In Eyster v. Gaff, 91 U. S. 521 (23 L. ed. 403), it was held that a court could not take judicial notice of proceedings in bankruptcy in another court, and it was the duty of the court first mentioned to proceed as between the parties before it, until, by some proper pleadings in the case, it was informed of the changed relations of any such parties to the subject-matter of the suit; and that the jurisdiction conferred upon the Federal courts for the benefit of an assignee in bankruptcy was concurrent with and did not divest that of the State courts in suits of which they had full cognizance. Dimock v. Revere Copper Co., 117 U. S. 559 (6 Sup. Ct. 855, 29 L. ed. 994). In Hiscock v. Varick Bank of New York, 206 U. S. 28 (27 Sup. Ct. 681, 51 L. ed. 945), it was held that "The bankruptcy act does not deprive the lienor of any remedy with which he is vested by the State law." Security Warehousing Company v. Hand, 206 U. S. 415 (27 Sup. Ct. 720, 51 L. ed. 1117).

The decision in Mueller v. Nugent, 184 U. S. 1 (22 Sup. Ct. 269, 46 L. ed. 405), was relied on by counsel for plaintiff in error. But that case did not involve the right of the State court to foreclose a lien, or of its officer to take charge of property in the hands of the defendant, under a writ issued thereon. What was said in the Nugent case has been several times construed and explained by the Supreme Court of the United States. Thus in Jaquith v. Rowley, 188 U. S. 620 (23 Sup. Ct. 369, 47 L. ed. 620), Mr. Justice Peckham said (p. 625) : "In other words, Nugent's case simply holds that where the agent held money belonging to the bankrupt, to which he had no claim, but simply refused to give up the property, which he acknowledged belonged to the bankrupt, the bankruptcy court had power, by summary proceedings, to order him to deliver such property to the trustee in bankruptcy." See also Hiscock's case, supra, 206 U. S. 41.

If these mortgages were valid their holders had a right to proceed to enforce them in the State court. They were not compelled to go into a court of bankruptcy, either to enforce their liens or to prove the debts due to them. The receiver appointed by a court of bankruptcy is the mere temporary custodian to preserve the property. Here he did not obtain possession, but the sheriff did so first

under a foreclosure of the mortgages. The question was between the right of possession of the latter and of the trustee afterward appointed. There was no suggestion that the mortgaged property was worth more than the secured debts, or that there would be any surplus. Even in such a case, upon proper application by the trustee, the State court would doubtless order the surplus, if there should be any after paying the lien debts, to be paid to him. Upon summary foreclosure of a mortgage on personalty and seizure of the property, the mortgagor or other creditor may contest the validity of the lien or the amount claimed to be due. Civil Code (1910), § 3286 et seq., § 3300 et seq. The trustee could intervene and contest the validity of the mortgages, if he so desired. He could obtain ample protection and assert any right which he might claim to the property or to its proceeds, in the State court. As to the mortgage due to the bank, no real contention was made that it was invalid; and as to that given to the attorneys, no direct attack was made, so as to form an issue for trial. We see no reason why the sheriff should have been required to deliver possession of the mortgaged property to the trustee in bankruptcy, and why the mortgagees, as to one of whom, at least, there was no evidence at all that the mortgage was not given bona fide for a present consideration, should be compelled to go to the court of bankruptcy in order to foreclose their liens.

*Judgment affirmed. All the Justices concur.*