VIOLET I. TAYLOR *vs.* BARTON CHILD COMPANY.

Suffolk.   November 23, 1916. — September 13, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Assignment. Bankruptcy,* Rights of trustee. *Book Accounts.*

An assignment in writing under seal by a dealer in butter, eggs and similar products, as security for the payment of certain promissory notes of such dealer, of "all our book accounts which are now due or which may become due, at any time, until our seven promissory notes of even date . . . are paid as stipulated," passes no title or right as against the trustee in bankruptcy of the assignor to any account not in existence at the time of the assignment.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 2, 1914, by the assignee of Annie B. McCarthy against the Barton Child Company, a corporation, to enforce the pledge and transfer of the defendant's book accounts to said Annie B. McCarthy by an instrument under seal dated December 3, 1910.

The instrument sought to be enforced was as follows:

"Know all men by these presents that we, the Barton Child Company, a corporation duly organized by law and having its usual place of business in Boston, Massachusetts, in consideration of the sum of Five Thousand Dollars ($5000.00) to us paid by Annie B. McCarthy of Concord, Massachusetts, do hereby set over, transfer and assign to the said Annie B. McCarthy all our book accounts which are now due or which may become due, at any time, until our seven promissory notes of even date, to the said Annie B. McCarthy, are paid as stipulated in accordance with the contract between the said Barton Child Company and the said Annie B. McCarthy, which contract is dated December 3, 1910 and the terms of which are incorporated and made a part of this agreement.   Said Annie B. McCarthy or her attorney, J. J. McCarthy, shall have the right at any time, during reasonable business hours, to examine the books of the said Barton Child Company; it being distinctly understood and agreed that the said

Annie B. McCarthy shall not record the within assignment, if said promissory notes are paid as stipulated.

"Witness our hands and seal this third day of December 1910.

> Barton Child Company
> Edward L. Child, Treas.     [corporate seal]
> Annie B. McCarthy            [seal] "

The assignment under which the plaintiff sued was as follows:

"Know all men by these presents that I, Annie B. McCarthy of Watertown in the County of Middlesex and Commonwealth of Massachusetts, in consideration of one dollar and other valuable considerations to me paid by Violet I. Taylor of said Watertown, do hereby assign, transfer, set over and convey to the said Violet I. Taylor, all claims, demands, notes, mortgage and mortgage notes, certificates of stock and any and all securities which I have against the Barton Child Company, a Massachusetts corporation, Frank W. Barton, Edward L. Child and Charles A. Child as security for a loan by me to the Barton Child Company on which loan, the sum of Four Thousand Dollars ($4,000.00) is due me with interest.

"Witness my hand and seal this twenty-seventh day of December A.D. 1912.

> Annie B. McCarthy   [seal] "

On February 13, 1914, the defendant was adjudicated a bankrupt, and on November 10, 1914, Forrest F. Collier, the trustee in bankruptcy of the Barton Child Company, filed an answer to the bill, alleging, among other things, that as such trustee he was authorized to collect all the outstanding book accounts of the Barton Child Company and as such trustee had collected certain book accounts of that company, and denying that the plaintiff had any right or interest in any outstanding accounts of the Barton Child Company or was entitled to any relief prayed for in her bill.

The case was referred to a master, who filed a report stating his findings of fact, including those mentioned in the opinion, and reported that on these facts the parties had argued before him the following questions of law, which it was not within the master's province to deal with and which he had not attempted to decide:

"1. Whether the assignment is binding on the corporation.

"2. The validity of a general assignment of future book accounts.                                         :

"3. The construction of the language used in the assignment, the plaintiff claiming that it includes all book accounts thereafter contracted and the defendant claiming that it covers only such book accounts as were then in existence, some of which were then due and the balance of which would become due in a comparatively short space of time."

The case came on to be heard before *Pierce*, J., and, the exceptions of both parties to the master's report having been waived, the single justice reserved the case for determination by the full court as follows:

"The exceptions of both parties to the master's report having been waived, and the respondent Forrest F. Collier, as trustee in bankruptcy of the Barton Child Company, having waived his appeal from the interlocutory decree overruling his plea in bar to the jurisdiction of this court, at the request of the parties, I reserve this cause for the consideration and determination of the full court upon the bill of complaint, the answer and the amended answer of Forrest F. Collier as trustee in bankruptcy of the Barton Child Company, the replication to the answer and the amended answer, and the master's report.

"If the plaintiff is not entitled to maintain the within cause of action against Forrest F. Collier, trustee in bankruptcy of the Barton Child Company, defendant, a final decree dismissing the bill without costs is to be entered.

"If, however, the plaintiff is entitled to maintain the within cause of action against said Forrest F. Collier as trustee in bankruptcy of the Barton Child Company and if the plaintiff is entitled to obtain from said Collier as such trustee the book accounts of the Barton Child Company which were acquired after December 3, 1910, as security to satisfy the balance of the loan made to said Barton Child Company, then a final decree in favor of the plaintiff shall be entered against said Collier as such trustee in the sum of $1,850 without costs."

*Jere J. McCarthy*, for the plaintiff.

*F. F. Collier*, for the defendant.

RUGG, C. J. This is a suit in equity to enforce the rights of the plaintiff under an assignment of book accounts made to her

assignor by the defendant corporation as security for a loan. It is undisputed that on December 3, 1910, one McCarthy, who is the assignor of the plaintiff, lent to the defendant $5,000 and received its seven notes with different due dates, the most remote being June 3, 1913. As security for and in consideration of the loan, on the same day the defendant executed and delivered to the plaintiff's assignor an instrument which, it is contended, was an assignment of its present and future book accounts. Some of the notes were extended, some have been paid, and a balance remains unpaid. This bill was filed on February 2, 1914. An injunction respecting the book accounts was issued on February 13, 1914. The defendant was adjudicated a bankrupt on February 13, 1914. Its trustee in bankruptcy is defending this case.

At the time of the loan the defendant was engaged in dealing at wholesale in butter, eggs and similar products. It needed the money borrowed from the plaintiff's assignor for carrying on its business and used it for that purpose. The book accounts at the time of the assignment were between $25,000 and $30,000, some of which were due; but the greater part of them would become due within the next sixty days.

The crucial question is whether the assignment of book accounts, which are to come into existence in the future in connection with an established business, will be enforced in equity against a trustee in bankruptcy.

It is a well recognized principle of the common law that a man cannot sell or mortgage property which he does not possess and to which he has no title. The vendor must have a vested right in personal property in order to be able to make a sale of it. "A man cannot grant or charge that which he hath not." *Jones* v. *Richardson*, 10 Met. 481, 488. *Moody* v. *Wright*, 13 Met. 17. *Leverett* v. *Barnwell*, 214 Mass. 105, 109.

The ground of our decisions may be stated shortly. There can be no present conveyance or transfer of property not in existence, or of property not in the possession of the seller to which he has no title. A sale of personal chattels is not good against creditors unless there has been a delivery. Manifestly there can be no delivery of chattels not in existence. In order that after acquired chattels may be brought under the lien of a mortgage, or of hypothecation, there must be some act of the parties subsequent

to the time when such chattels come into existence and into the ownership and possession of the mortgagor. The mortgage is held not to have the effect of changing the title to after acquired chattels without some further act of the parties.

There is an exception at the common law to the effect that one may sell that in which he has a potential title although not present actual possession. The present owner might sell the wool to be grown upon his flock, the crop to be harvested from his field or the young to be born of his herd, or assign the wages to be earned under existing employment. *Kerr* v. *Crane,* 212 Mass. 224, 229. *St. Johns* v. *Charles,* 105 Mass. 262. *Farrar* v. *Smith,* 64 Maine, 74, 77. *M'Carty* v. *Blevins,* 5 Yerger, 195. *Dugas* v. *Lawrence,* 19 Ga. 557. But see now sales act, St. 1908, c. 237, § 5 (3). That principle of the common law has never been carried so far as to include the case at bar. The catch of fish expected to be made upon a voyage about to begin cannot be sold. *Low* v. *Pew,* 108 Mass. 347. There can be no sale of the wool of sheep, the crop of a field or the increase of herds not owned but to be bought, and there can be no assignment of wages to be earned under a contract of employment to be made in the future. *Eagan* v. *Luby,* 133 Mass. 543. *Citizens Loan Association* v. *Boston & Maine Railroad,* 196 Mass. 528, 531. See St. 1906, c. 390, § 4; St. 1916, c. 208, § 2.

It is also the established doctrine in this Commonwealth that a mortgage of future acquired property will not be enforced in equity before actual possession taken by the mortgagee as against persons subsequently acquiring an interest therein for value and having possession. That has long been settled here, although the contrary rule prevails more widely. *Federal Trust Co.* v. *Bristol County Street Railway,* 222 Mass. 35, 45, 46, where cases are collected. It would be anomalous for a court governed by these principles as to sales and mortgages of future acquired goods and chattels to hold that there could be an assignment of future acquired book accounts valid and enforceable under circumstances where a like attempt to hypothecate future acquired chattels would be held unenforceable.

A book account is a chose in action. It is "a right not reduced into possession" which "can only be reduced into beneficial possession by an action or suit." *Haskell* v. *Blair,* 3 Cush. 534, 535. It is property. While some of its incidents differ from those of a

tangible thing, these are not sufficient to warrant the application to it of principles of law different in the respect here involved from those governing transactions concerning property with a physical and tactile body.   Where it is reasonably practicable, it is desirable in the development of an harmonious system of jurisprudence that the same general rules of law should be applicable to the same classes of facts and that exceptions having their foundation more upon appearances than upon differences of substance should not be multiplied.

Practical difficulties of no small consequence would be encountered in the operation of the contrary doctrine.   Assignments of book accounts do not require recording or any public act for their validity.   *Marsh* v. *Woodbury,* 1 Met. 436.   *William Gilligan Co.* v. *Casey,* 205 Mass. 26.   Notice need not be given in order that they be valid against third persons.   *Thayer* v. *Daniels,* 113 Mass. 129.   *Cropper* v. *Gorham,* 221 Mass. 119, 125.   Merchants and manufacturers well might acquire a considerable credit upon the supposed strength of book accounts which later might turn out to have been assigned long before they came into existence.   A door would be opened for the accomplishment of fraud in business.

There are decisions by the courts of other jurisdictions where a contrary result has been reached.   *Union Trust Co.* v. *Bulkeley,* 80 C. C. A. 328.   *In re Macauley,* 158 Fed. Rep. 322.   *Tailby* v. *Official Receiver,* 13 App. Cas. 523.   These decisions follow naturally from *Holroyd* v. *Marshall,* 10 H. L. Cas. 191, *Central Trust Co.* v. *Kneeland,* 138 U. S. 414, 419, and other cases holding that mortgages of future acquired personal property are enforceable in equity.   But as has been pointed out, that is not the law of this Commonwealth.

The principles and spirit of our jurisprudence have been that owners of personal property ought not to acquire any false credit by creating incumbrances more or less secret and unknown to the world upon property of which they are to come into possession in the future as ostensible owners in absolute right.   *Blanchard* v. *Cooke,* 144 Mass. 207, 223, 227.   *Wasserman* v. *McDonnell,* 190 Mass. 326.   *Schlatter* v. *Young,* 197 Mass. 36, 38.   *Chick* v. *Nute,* 176 Mass. 57.   *Wilson* v. *Russell,* 136 Mass. 211.   *Harriman* v. *Woburn Electric Light Co.* 163 Mass. 85.

It was held in *Hall* v. *Jackson,* 20 Pick. 194, that an irrevocable

power of attorney to bankers to collect debts due to a manufacturer from his customers as security for advances made by the bankers did not constitute a lien superior to an attachment by trustee process, in the absence of possession, control or disposing power in the person claiming the lien over the subject matter in which the lien was claimed. See, also, *Elmore* v. *Symonds*, 183 Mass. 321.

In the light of these decisions it would be illogical and discordant with the policy of our law to uphold the assignment in the case at bar. It was held in *Purcell* v. *Mather*, 35 Ala. 570, *Skipper* v. *Stokes*, 42 Ala. 255, *Clanton Bank* v. *Robinson*, 195 Ala. 194, that assignments similar to those here in question were invalid.

In accordance with the terms of the reservation let the entry be

*Bill dismissed without costs.*