In re ROBERT JENKINS CORPORATION.

(District Court, D. Massachusetts. March 26, 1926.)

No. 33035.

1. Bankruptcy ⟺159—Question whether trustee or assignee of accounts of bankrupt was entitled thereto held governed by law of state in which it arose.

Question in bankruptcy proceedings as to whether assignee of bankrupt's accounts or trustee was entitled to proceeds of accounts covered by assignment made when assignee had knowledge of insolvency, but also covered by earlier assignment of future accounts, is governed by law of state wherein it arose.

2. Bankruptcy ⟺161(2)—Assignment of accounts receivable and at time assignee had knowledge of insolvency held invalid as preferential, notwithstanding previous general assignment of all present and future book accounts.

Where bankrupt, as security for loans, had given assignment of present and future book accounts, assignment thereunder of accounts then outstanding, made when claimant had

knowledge of bankrupt's insolvency and nine days before bankruptcy, *held* invalid, as preferential; effect of previous general assignment not being to give plaintiff equitable interest in all accounts.

In Bankruptcy. In the matter of the Robert Jenkins Corporation, bankrupt. Order of the referee, denying the claim of A. C. Post, and claimant appeals. Order affirmed.

B. W. Berkowitch, of Boston, Mass., for trustee.

A. P. Gay, of Boston, Mass., for A. C. Post.

MORTON, District Judge. This is an appeal from the referee. The facts are contained in an agreed statement. Those necessary to the present discussion may be briefly stated:

In 1922, and again in 1923, the bankrupt borrowed money from the claimant, Post, and gave him, as security for the loans, assignments of its present and future book accounts. The bankruptcy occurred on April 9, 1924. On the first of each of the four preceding months the bankrupt had given to the claimant an assignment of all its accounts receivable then outstanding. The last of these assignments was made on April 1, 1924, nine days before the bankruptcy; it covered the accounts receivable which came into existence after March 1st. Until March 25, 1924, the claimant did not have reasonable cause to believe that the bankrupt was insolvent; thereafter he did. The trustee makes no claim to the accounts assigned before that date, nor to the proceeds of such accounts. He does contend that, after the claimant had reasonable cause to believe the assignor insolvent, the assignments constituted preferential transfers, and that all sums received under them should be paid over to the estate.

The real question is whether the claimant or the trustee is entitled to the proceeds of the accounts receivable covered by the assignment of April 1st. As an original transaction, that assignment is obviously invalid; it is plainly a preference on an existing debt. The claimant contends, however, that the effect of the general assignment of October 4, 1923, covering then existing and future accounts receivable, was to give the claimant an equitable interest in all future accounts; that the assignment of April 1, 1924, merely added a legal title to this equitable right; and that it was therefore not a preferential transfer. The learned referee was of the opinion that this contention was unsound;

that the claimant's only right to these accounts receivable was that which it obtained under the assignment of April 1, 1924; and, as this assignment was invalid, because preferential, that the proceeds of such accounts belonged to the trustee. He made a decree accordingly.

[1,2] In my opinion he was right. It is, as the claimant contends, a question of Massachusetts law. Taylor v. Barton Child Co., 117 N. E. 43, 228 Mass. 126, L. R. A. 1918A, 124. And the reasoning on which the opinion proceeds seems to me decisive against the claimant. The same result, but under the law of New York, was reached by the United States Supreme Court in Benedict v. Ratner, 45 S. Ct. 566, 268 U. S. 353, 69 L. Ed. 991. If the question be regarded as still open in spite of Taylor v. Barton Child Co., supra, I should reach the same conclusion. It would be extremely unfortunate if secret liens, nowhere a matter of record, could be imposed upon such an important species of property under modern conditions as accounts receivable, and for the reasons stated in Taylor v. Barton Child Co. I do not think that such a result is required by the logic of the law.

Order affirmed.