## ADAMS v. CITY BANK & TRUST CO. OF MACON, GA.

### In re GENERAL BOX CO., Inc.

### No. 9655.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1940.

T. Baldwin Martin, of Macon, Ga., for appellant.

A. O. B. Sparks and Charles M. Cork, both of Macon, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal presents the question: Does a bill of sale conveying personal property to secure an indebtedness simultaneously created become a preference voidable in bankruptcy, when subsequently recorded while the debtor is insolvent and within four months before the filing of the petition in bankruptcy, the creditor having reason to believe, at the date of filing for record, that the debtor is insolvent?

There is no claim of fraud involved, there having been no understanding between the creditor and the debtor that the bill of sale would be withheld from record. The sole proposition is whether a transfer, which was in fact not a preference, is required to be treated as a preference by section 60 of the present bankruptcy act, 11 U.S.C.A. § 96.

On June 24, 1939, the General Box Company borrowed $250 from the City Bank & Trust Company, and simultaneously executed a bill of sale to a cutting knife. On September 15, 1939, the Box Company borrowed $1,650 from the same bank, and likewise gave a bill of sale to its stock of chip bending board, it being the intention of the parties to include the company's entire stock of such material. Later, it purchased additional stock of the same material as that mortgaged to the bank. On December 18, 1939, while the Box Company was insolvent and when the bank had

reason to believe it was insolvent, the bank recorded both bills of sale. On December 30, 1939, said Box Company voluntarily was adjudicated a bankrupt. The trustee in bankruptcy sold the mortgaged property, and holds the proceeds of said sale in lieu thereof.

It is contended that the two bills of sale were voidable preferences. The referee so held; but the district court, on review, reversed the decision of the referee, granted the prayer of the bank that the mortgage on the stock be reformed, and held that the indebtedness to the bank was secured by a lien upon the funds derived from the sale of the stock and cutting knife. No exception is taken to the judgment of the district court reforming the bill of sale so as to make it cover the entire stock. The sole specification of error relied upon by appellant is that the transfers were voidable preferences.

■ Prior to the Chandler Act, it was universally recognized that there was no preference, unless there was a diminution of the estate by reason of the transfer. The preference at which the law was directed could only arise in case of an antecedent debt. Tiffany v. Boatman's Savings Institution, 18 Wall. 375, 21 L.Ed. 868; Sawyer v. Turpin, 91 U.S. 114, 23 L.Ed. 235; Jaquith v. Alden, 189 U.S. 78, 23 S.Ct. 649, 47 L.Ed, 717; Continental & C. T. & S. Bank v. Chicago Title & Trust Co., 229 U.S. 435, 33 S.Ct. 829, 57 L.Ed. 1268. This rule was applied without exception in decisions construing the Bankruptcy Act of 1898. Collier on Bankruptcy, page 1276, et seq. This court has held, both before and after the amendment of 1926, that there could be no preference except to secure an antecedent debt, regardless of the date of the recording of the transfer. Border National Bank v. Coupland, 5 Cir., 240 F. 355; Walker v. Wilkinson, 296 F. 850; Ringling Trust & Savings Bank v. Whitfield Estates, 5 Cir., 32 F.2d 92; Wofford Oil Co. v. Hatcher, 5 Cir., 73 F.2d 335. The Supreme Court of Georgia has held that the word "preference" imports the relation of existing

creditors having equal equities at the time of the transfer, whereby the rights of one are advanced over those of another. Booth v. Atlanta Clearing-House Ass'n, 132 Ga. 100, 63 S.E. 907; Neill v. Barbaree, 135 Ga. 771, 70 S.E. 638.

■ It is argued that the Chandler Act has changed the former rule by providing that a transfer shall be deemed to have been made at the time when it became so far perfected that no bona fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein, and that, if such transfer is not so perfected prior to the filing of the petition in bankruptcy, it shall be deemed to have been made immediately before bankruptcy. This argument fails to give due weight to the first sentence of section 60, sub. a, of said act, which provides that a preference is a transfer of the property of a debtor "for or on account of an antecedent debt." This refers to the whole transaction, and not simply to the step to be taken to make it binding as to subsequent creditors and purchasers for a valuable consideration. The language is more direct and specific than that of the original act and prior amendment, but does not indicate a legislative intent to change the historic import of the word "preference."

■ Our conclusion is that section 60 does not apply to a transfer entered into, without fraudulent intent, for an adequate present consideration. In the instant case, the bills of sale were given for a present equivalent at the time the debts were incurred, and did not become preferences voidable in bankruptcy by reason of subsequent filing for record, while the debtor was insolvent, less than four months before the time of bankruptcy. Carey v. Donohue, 240 U.S. 430, 36 S.Ct. 386, 60 L.Ed. 726, L.R.A.1917A, 295; Martin v. Commercial National Bank of Macon, 245 U.S. 513, 38 S.Ct. 176, 62 L.Ed. 441.

The judgment of the district court is affirmed.