## In re MARKERT.

### No. 65940.

District Court, D. Massachusetts.

June 15, 1942.

Cain & Chesney, of Pittsfield, Mass., for trustee.

Frederick M. Myers and Charles R. Alberti, both of Pittsfield, Mass., for S. S. Pierce Co.

BREWSTER, District Judge.

In these proceedings the referee has ordered a creditor to re-assign, and pay to the Trustee in Bankruptcy the proceeds of, transfers of property which the referee deemed to be voidable preferences, as defined in the amended Bankruptcy Act of June 22, 1938, known as the "Chandler Act". 11 U.S.C.A. § 1 et seq. The creditor has duly petitioned for a review of the order.

The transfers in question were a mortgage of personal property, including after-acquired merchandise, and assignments of accounts receivable then due and thereafter to become due the bankrupt.

The facts pertaining to the present inquiry are not seriously disputed and may be briefly stated. Markert was adjudged a bankrupt on May 29, 1941. On July 1, 1939, the bankrupt gave to S. S. Pierce Company, petitioner for review, a chattel mortgage on his stock of merchandise and other assets to secure antecedent indebtedness. The mortgage was duly recorded in compliance with the Massachusetts statute. It provided that the mortgagor might sell the merchandise in the ordinary course of business. The mortgagor was to replenish the stock, and all after acquired property was includ-

ed in the mortgage. On May 27, 1941, the mortgagee took possession under the mortgage and foreclosed by sale. On this date the bankrupt was insolvent and the mortgagee had reasonable cause to believe that he was insolvent. The referee found that the value of the after acquired property was $550.00 and ordered the mortgagee to pay that amount to the trustee.

The validity of this order is challenged by the mortgagee. There can be no doubt that, prior to the effective date of the Chandler Act, the trustee, on the facts presented, could not claim these proceeds of after acquired property, even though the security was given for an antecedent debt. Thompson v. Fairbanks, 196 U.S. 516, 25 S.Ct. 306, 49 L.Ed. 577.

That case held that possession of after acquired property, taken within the four months' period under a valid mortgage executed before that time, did not give rise to a preference, the possession relating back to the time when the security was given. That undoubtedly would be the law in Massachusetts. Coggan v. Ward, 215 Mass. 13, 102 N.E. 336; Humphrey v. Tatman, 198 U.S. 91, 25 S.Ct. 567, 49 L.Ed. 956. See also, Chick v. Nute, 176 Mass. 57, 57 N.E. 219; Wasserman v. McDonnell, 190 Mass. 326, 76 N.E. 959; West Springfield Trust Company v. Hinckley, 258 Mass. 157, 154 N.E. 580; Bancroft Steel Company v. Kuniholm Mfg. Co., 301 Mass. 91, 16 N.E.2d 78, 117 A.L.R. 678.

The same rule has been applied in cases dealing with other forms of security instruments. Mason v. Wylde, 308 Mass. 268, 32 N.E.2d 615; Finance and Guaranty Company v. Oppenhimer, 276 U.S. 10, 48 S.Ct. 209, 72 L.Ed. 443; Massachusetts Trust Company v. MacPherson, 1 Cir., 1 F.2d 769.

It was said in Finance & Guaranty Company v. Oppenhimer, supra, at page 12 of 276 U.S., at page 209 of 48 S.Ct., 72 L.Ed. 443, that "a party holding security does not create a preference by taking possession under it within four months if he lawfully may under the law of the State."

The provisions of the Chandler Act differ in important respects from those of the earlier Act. Section 60, sub. a, 11 U.S.C.A. § 96, sub. a, in part, is as follows:

"Sec. 60, sub. a. A preference is a transfer, as defined in this Act [title], of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition in bankruptcy, * * * the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. For the purposes of subdivisions a and b of this section, a transfer shall be deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein, * * *."

These provisions respecting the time when the transfer shall be deemed to have taken place are new in the Bankruptcy Law and control in any determination of the question whether the transfer has been made within the four months' period.

■ The precise question here presented is whether, with respect to the after-acquired property, the transfer took place when the mortgagee took possession two days before bankruptcy. If it did, all other elements of a voidable preference being present, the referee's order must be affirmed so far as it requires the payment to the trustee of $550.00. I am of the opinion that it should be affirmed. Until the mortgagee took possession, a purchaser of the merchandise acquired by the mortgagor subsequent to the time of the mortgage would have acquired a good title, especially in view of the terms of the recorded instrument which gave the mortgagor the right to sell in the ordinary course of business. It was conceded at the hearing that the lien of an attaching creditor on the after-acquired property would be superior to that of the mortgagee if the attachment were made before the mortgagee had taken possession under the mortgage.

There is language in the opinion in Mason v. Wylde, supra, and in Thompson v. Fairbanks, supra, clearly indicating that possession by the security holder was necessary to "perfect" his title so that no creditor could thereafter acquire rights in the property. Since possession was necessary to perfect the mortgagee's title in the after acquired property in the case at bar, it follows that the transfer of it must be deemed to have been made when it took possession, namely, May 27, 1941, and was, therefore, a preference voidable under the Bankruptcy Act.

7663

■ Adams v. City Bank and Trust Company, 5 Cir., 115 F.2d 453, 134 A.L.R. 1215, and In re E. H. Webb Grocery Company, D.C., 32 F.Supp. 3, cited by the mortgagee, are not opposed to this conclusion since in both cases the security was originally given for a present adequate consideration. Under 60, sub. a, as it now stands, an essential element of a preference is that the transfer be to a creditor "for or on account of an antecedent debt." Associated Seed Growers v. Geib, 4 Cir., 125 F.2d 683, 685.

The cited cases are authority for the proposition that a mortgage for a present consideration, recorded within the four months' period but executed prior thereto, may not be regarded as a transfer for or on account of an antecedent debt. The court refused to accept the argument that the effect of the language of Sec. 60, sub. a of the Chandler Act was to convert a present indebtedness into an antecedent indebtedness. These cases are clearly distinguishable in principle from the case at bar since the mortgage, given to S. S. Pierce Company, was given for an antecedent debt.

■ As to the accounts receivable, the facts are these. On November 17, 1939, the bankrupt assigned to S. S. Pierce Company certain accounts receivable, owing to him, according to a list of accounts attached to the instrument. In this assignment the bankrupt in effect agreed to substitute other accounts which was done by furnishing the assignee with new lists of accounts from time to time. This assignment also was given as additional security for pre-existing indebtedness. Lists were furnished by the bankrupt at irregular intervals, the last being supplied on March 31, 1941. The last list, sent more than four months prior to bankruptcy proceedings, was on December 31, 1940. According to schedules incorporated in the referee's order, the accounts receivable owing the bankrupt at the time of bankruptcy amounted to $1,454.05 (Column 1) ; of this amount $1,134.74 (Column 2) was contracted subsequent to March 31, 1941; and $71.41 (Column 3) was contracted between December 31, 1940, and March 31, 1941. The referee held that the title to future accounts would not pass to the assignee until the bankrupt had identified the accounts after they had come into existence by including them in a list submitted to the assignee. This conclusion was sound. Taylor v. Barton Child Company, 228 Mass. 126, 117 N.E. 43, L.R.A.1918A, 124.

■ The accounts detailed in Column 3, contracted within the four months' period and presumably included in some list of accounts furnished by the bankrupt, totaling only $71.41, fall under the rule applied to the after acquired property. While probably under the Massachusetts law, notice to the bankrupt's debtors of the assignment was not necessary to perfect title in the assignee, Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867, nevertheless the assignee's title was not sufficiently perfected within the purview of Sec. 60, sub. a until the assignor had identified the account by including in it a list given to the assignee. See In re Seim Construction Co., D.C., 37 F.Supp. 855.

The referee properly held that the title acquired to the accounts receivable included in the list after December 31, 1940, constituted preferences voidable by the trustee.

The referee further found that the trustee was entitled to all the accounts listed in Column 1, less those contained in Column 3, and ordered the S. S. Pierce Company to assign and transfer to the trustee, except so far as they had been collected, all the accounts listed in Column 1 exclusive of the amounts detailed in Column 3; and insofar as the accounts had been collected to pay to the trustee the proceeds of the collection of the accounts listed in Column 1 exclusive of the proceeds of the collection of the accounts detailed in Column 3. I am unable to affirm, in its present form, the referee's order respecting the accounts receivable. I am satisfied that this part of the order needs either correction or further clarification.

As I understand the schedules prepared by the referee, Column 1 contains a list of all the accounts owed the bankrupt at the time of bankruptcy; Column 2 the amounts contracted after March 31, 1941; and Column 3 the amounts contracted between December 31, 1940, and March 31, 1941.

I rule, with the referee, that title to the accounts contracted after March 31, 1941, the date of the last list, never passed to S. S. Pierce Company. I further rule that the trustee is entitled to recover, as preferential transfers, the accounts contracted between December 31, 1940, and March 31, 1941, or the proceeds thereof. The trustee is, therefore, entitled to recover the sum of Column 2 and Column 3. The difference between this total and $1,454.05, or $247.90, would apparently represent accounts con-

tracted before December 31, 1940, and if contained in any list furnished prior to January 29, 1941, by the bankrupt to this creditor the latter would be entitled to retain the accounts, or the proceeds thereof. Whether all or any part of these accounts were identified in this manner cannot be ascertained from the report. Therefore, the matter should be recommitted to the referee for revision and further findings, if necessary, in order to conform to this opinion.

The referee's order, therefore, is affirmed so far as it requires the payment to the trustee of $550.00 representing the value of the after acquired merchandise, but so far as the order relates to the accounts receivable it is recommitted to the referee for further consideration.