### CITIZENS' NATIONAL BANK *vs.* WILLARD RICHMOND.

Worcester.    October 6. — 7, 1876.    COLT & MORTON, JJ., absent.

A person indorsed a negotiable promissory note for $500, for the maker's accommodation. The maker then, by the use of chemicals, rendered the amount of the note invisible, wrote in a larger amount, and procured the note to be discounted at a bank as a note for the larger amount. Before the note came due, the fraud was discovered, and the original writing was restored, and the note was duly protested, and an action brought against the indorser, as on a note for the original amount. *Held,* that the indorser was not liable.

CONTRACT against the defendant as indorser of the following promissory note, signed by Lucius W. Pond as maker, and indorsed by him and the defendant:

"$500.                           Worcester, Mass. Aug. 23, 1875.
Four months after date, I promise to pay to the order of myself five hundred dollars at bank, value received."

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, in substance as follows:

On August 23, 1875, Lucius W. Pond, of Worcester, applied to the defendant, who had indorsed notes for him before, to indorse the paper in suit which then was written and read as above set forth. The defendant indorsed the note for Pond's accommodation. Pond thereupon by the use of chemicals, rendered invisible the words "five hundred" and the figures "500" in the note, and wrote over the same the words "two thousand" and the figures "$2000," respectively. Pond then procured the plaintiff in the ordinary course of business to discount the note, it being changed as aforesaid, as a note for $2000, and the plaintiff did so. The plaintiff and its officers were entirely innocent of any fraud. Before the note came due, Pond was arrested and imprisoned for a large number of similar transactions. The plaintiff, after the maturity of the note, applied to the writing, which set forth the amount for which the note was given, a solution of nutgalls, which, as had been proved by many experiments, would restore any writing rendered invisible by the means employed by Pond, and this application revealed that the change had been made from $500 to $2000. No other alteration had been made in the note. The defendant was present and did not

object when the solution was applied.   When the note became due it was duly presented for payment, was dishonored and was duly protested, at the demand of the plaintiff, both as a $500 note, and as a $2000 note, and the defendant was duly notified as indorser, two notices, one treating the note as a $500 note, and one as a $2000 note, being sent him and received by him. The defendant did not know of the alterations made by Pond in the note, and never assented thereto.

*W. S. B. Hopkins*, for the plaintiff.   Unless this case can be distinguished from *Draper* v. *Wood*, 112 Mass. 315, it would be useless to argue that there was not such an alteration of the note in suit as to avoid it, so that no recovery could be had by the plaintiff.   But there is a distinction.   The contract entered into by the defendant is brought out visibly, as the facts find, unaltered either by addition to or subtraction from its terms and agreements.   It was for a time veiled by a fraud by which the maker succeeded in obtaining for it four times more than its face and value, but, that veil removed, the indorser, an original promisor, and the plaintiff, the original holder for value, meet each other on the original contract unchanged.   The defendant loses nothing that he did not voluntarily and for good consideration risk.   The plaintiff should lose no more than the extra amount it paid for the paper, by reason of the maker's fraud, over and above what the defendant's original contract was in amount. The date of the paper being unchanged, the protest and all proceedings thereon are regular.

*F. T. Blackmer*, for the defendant.

BY THE COURT.   The defendant never made the note for $2000, which was the only one that the plaintiff accepted.  *Fay* v. *Smith*, 1 Allen, 477, 479.  *Belknap* v. *National Bank of North America*, 100 Mass. 376.  *Draper* ᵥ. *Wood*, 112 Mass. 315.  *Wood* v. *Steele*, 6 Wall. 80.                *Judgment for the defendant.*