JOHN F. SHERMAN *vs.* CONNECTICUT MUTUAL LIFE INSURANCE
COMPANY & others.

Suffolk.    February 23, 1915. — October 18, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Pledge.    Bills and Notes,* Alteration.    *Payment.*

One, who held as pledgee a life insurance policy, forged a note for $3,000 purporting to be signed by the pledgor and also forged an assignment of the policy and borrowed $3,000 upon the forged note and the forged assignment, delivering them with the policy to the person from whom he obtained the loan. *Held,* that this person acquired no right to or lien upon the policy as against its owner who originally pledged it, and that such owner was entitled to the policy upon paying to the representative of the original pledgee the amount of money for which it was pledged lawfully; and that it was not necessary to consider what, if any, right the pledgee had to repledge the policy, because his attempt to transfer the policy by a forged assignment could not be treated as a repledge.

It here was *pointed out,* that the fraudulent alteration of a promissory note by the payee, which destroys the validity of the note, does not revive the debt of the maker to the payee which was extinguished by the giving of the note.

RUGG, C. J.    The pertinent facts are that in February, 1907, the plaintiff delivered to one George E. Williams two notes, each for $500, blank as to the payee, a policy of insurance upon his life and an assignment thereof blank as to the assignee, for the purpose of securing a loan of $1,000 which Williams made to him.    Williams by forgery raised one note to $1,500 and delivered it together with the other note, the policy of insurance and the assignment, to the defendant Stanley, from whom he obtained $2,000.    Later, in April, 1910, Williams paid Stanley $2,000, thereby terminating the latter's right to hold the notes, policy and assignment, all of which were returned to Williams.    In September, 1910, Williams delivered to Stanley a note for $3,000 bearing a forged signature of the plaintiff, the policy of insurance and a forged assignment thereof, all without authority from the plaintiff, who, since February, 1907, had done nothing in the premises except to pay interest to Williams on $1,000 as it became due.    After the death of Williams the genuine $500 note and the raised $1,500 note were found among his papers.

In the Superior Court a decree was entered * requiring the defendant Stanley to deliver to the plaintiff the policy of insurance and the forged assignment and forged $3,000 note, and requiring the administrators of the estate of Williams, upon payment by the plaintiff of $500 and interest thereon, to deliver to him the genuine note for $500 and the note fraudulently raised to $1,500. The defendant Stanley alone appealed from that decree.

The rights of the defendant Stanley to the policy of insurance so far as they grew out of the first transaction between him and Williams were extinguished in April, 1910, by the payment to him of $2,000. He then had no claim upon it. When subsequently, in the following September, he received it again, together with a forged note and a forged assignment, he acquired no rights against the plaintiff. The forgeries were nullities as to the plaintiff. The fraudulent alteration by Williams of one of the genuine notes by trebling its face destroyed the value of that note in his own hands. *Greenfield Savings Bank* v. *Stowell*, 123 Mass. 196. As it is now in the hands of his estate, the defendant Stanley can gain no advantage from it. The single circumstance that once Stanley held that note for value by transfer from Williams gives Stanley no right after the payment and surrender of the note to Williams. The mere possession of the policy of insurance by Stanley, without right so far as concerns the plaintiff, confers upon Stanley no right as against the plaintiff. *Tower* v. *Stanley*, 220 Mass. 429, 437. The fraudulent alteration of the note by Williams not only destroyed its validity, but extinguished the maker's obligation to pay the consideration given for that note. This rests upon the firm foundation that the perpetrator of a forgery cannot acquire by his own fraudulent act a right of action which otherwise he would not possess and thus run no risk of losing anything by his wrong even if detected. *Wheelock* v. *Freeman*, 13 Pick. 165. *Adams* v. *Frye*, 3 Met. 103. *Stoddard* v. *Penniman*, 108 Mass. 366. To state the rule with technical accuracy, it may be said that the only obligation resting on the maker was the note itself. The contract expressed by the note has not been used, but destroyed by the alteration. The note as altered he never made. *Draper* v. *Wood*, 112 Mass.

---

* By order of *Wait*, J. The bill in equity on which the decree was made was filed on September 15, 1913.

315. *Citizens' National Bank v. Richmond,* 121 Mass. 110. *Green-field Savings Bank* v. *Stowell,* 123 Mass. 196, 206. *Munroe* v. *Stanley,* 220 Mass. 438, 443. There is no liability on the part of the plaintiff to anybody connected with the note fraudulently raised. Hence no one can gain any right in the policy arising out of that transaction. The lien on the policy to that extent has been discharged. No question arises in this connection as to a *bona fide* holder in due course of a fraudulently raised note under R. L. c. 73, § 141 (see *Stone* v. *Sargent,* 220 Mass. 445, 449; *Herman* v. *Connecticut Mutual Life Ins. Co.* 218 Mass. 181, 188; *Andrews* v. *Sibley,* 220 Mass. 10, 15), for the Williams estate and not the Stanley estate is the holder of that note.

The policy of insurance was assigned as security for the two notes of $500 each. That was the only assignment made by the plaintiff. Since only one of these notes now is in existence, it remains as security for that one alone. That note is held now by the Williams estate and not by the Stanley estate. The transaction between the plaintiff and Williams was the borrowing of money by the plaintiff and the giving of the note to Williams with an assignment of the policy of insurance as collateral security for the payment of the note. The last transaction between Williams and Stanley was the borrowing of $3,000 by Williams from Stanley on the strength of the delivery by Williams to Stanley of a forged note purporting to be made by the plaintiff, and of a forged assignment of the policy of insurance purporting to have been executed by the plaintiff, accompanied by the policy. What Williams did was to commit a fraud on Stanley by borrowing $3,000 on a forged note and a forged assignment of the policy. This was quite different from borrowing $3,000 by attempted repledge of the insurance policy as property which he had a right to use as collateral for his own debt. This was not and did not purport to be a repledge of the policy of insurance. It was not delivered to Stanley as a repledge but as a direct pledge from the plaintiff. It was not that because of forgery. It cannot now, after the event, be converted into something different from that which then was intended. Therefore, it is not necessary to inquire what may have been the right of Williams as pledgee to make a repledge of the insurance policy. See R. L. c. 208, § 71; *Jarvis* v. *Rogers,* 15 Mass. 389, 408, 416, 417; *Talty* v. *Freedman's Savings & Trust*

*Co.* 93 U. S. 321; *Donald* v. *Suckling,* L. R. 1 Q. B. 585; *Halliday* v. *Holgate,* L. R. 3 Ex. 299. He did not undertake to make a repledge of it. The court cannot make a new contract between Williams and Stanley. It only can interpret, enforce so far as valid, and condemn so far as unlawful, the contract actually made by them. The note and assignment both were forgeries and therefore nullities so far as concerns the plaintiff. The mere delivery of the policy under these circumstances was not a repledge. It was an integral part of a criminally void transaction and can stand on no better ground than the rest of it.

As the Williams estate holds the only outstanding principal debt of the plaintiff, that debt can be extinguished only by payment to that estate. There was no transaction between Williams and Stanley which either in form or substance is the equivalent of a transfer of the subsisting $500 note to Stanley, or which confers upon Stanley any kind of title or claim to that note. He has only the thing which was given as collateral security for it. But he holds it by force of a transaction wholly void. Stanley cannot secure a preference out of the estate of Williams by appropriating the debt due to it from the plaintiff when he has no shadow of claim to that debt. It follows that upon the facts here disclosed Stanley has no lien upon the policy of insurance.

*Decree affirmed with costs.*

The case was submitted on briefs.

*G. L. Mayberry, J. M. Hallowell & F. T. Hammond,* for the defendant Harry R. Stanley, executor under the will of Sumner C. Stanley.

*F. L. Hewitt & H. Williams, Jr.,* for the plaintiff.