PEARL B. HOUGH *vs.* ROBERT OMANSKY & another.

Suffolk. January 18, 1928.— March 6, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Sale,* Conditional. *Equity Jurisdiction,* To enjoin vendor under conditional sale, Waiver, Estoppel. *Waiver. Estoppel.*

The mere fact, that the vendor of store fixtures under a contract of conditional sale made in March, 1921, did nothing to assert his title and reclaim possession for six years, during which time, without his knowledge, the vendee had mortgaged the property twice, there had been a foreclosure sale under the second mortgage, and the purchaser had carried on the business by use of the fixtures for ten months and then had sold it, does not require as a matter of law, in a suit in equity by the last purchaser against the original vendor under the agreement of conditional sale, a finding that such vendor had waived a right to assert his title or that he is estopped to assert it; whether there had been such a waiver or there was such an estoppel were questions of fact.

BILL IN EQUITY, filed in the Superior Court on April 25, 1927, to enjoin the defendants from asserting title to and taking possession of certain fixtures which the defendant had sold to a predecessor in title of the plaintiff by a contract of conditional sale.

The suit was heard by *Morton*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926) to take the evidence. Material facts found by the judge are stated in the opinion. By his order a final decree was entered directing the plaintiff either to pay to the defendants $2,500 with interest from October 16, 1922, or to surrender to them the fixtures in question. The plaintiff appealed.

*F. P. Garland*, for the plaintiff.

*M. Shain*, for the defendants.

CARROLL, J. In March, 1921, the defendants sold to one Karalekas store fixtures under a written agreement, at the price of $4,500, to be paid for in instalments, the title to be retained by the defendants until full payment was made.

This suit in equity to restrain the defendants from removing the fixtures was heard by a judge of the Superior Court, who found that the last payment made by Karalekas was on October 16, 1922; that there is now due the defendants $2,700; that on November 14, 1924, Karalekas mortgaged the property to one Abdallah for $4,000 which mortgage was duly recorded and subsequently paid; that on October 17, 1925, Karalekas again mortgaged the property for $6,000 to Margaret H. Graney who held the mortgage title for John H. Casey; that this mortgage was duly recorded; that in July, 1926, Graney foreclosed her mortgage and bought the property; that she took possession of it and carried on business at the store where the fixtures were from June, 1926, to April, 1927, using in the business the fixtures and property sold under the conditional sale by the defendants to Karalekas; that during this time Graney advertised in the newspapers that the store was for sale, and on April 11, 1927, sold it with the property in question to the plaintiff, taking back a mortgage thereon to Casey; that neither the plaintiff nor Casey knew at this time that the plaintiff had no title in the property, but they relied on the statement of Karalekas that he had the right to mortgage the property. The judge further found that the defendants had no actual knowledge of any of the mortgages made by Karalekas, nor that Graney had foreclosed or was advertising the property for sale; that

prior to June, 1926, there was nothing to arouse the suspicions of any one that Karalekas "had been unlawfully mortgaging the property . . . for he was in possession of the property until that time"; that if the action of Graney was such as to arouse suspicion, there was no evidence that she volunteered any information to explain the situation. It was further found that the conditions contained in the original sale agreement had not been waived.

On these findings of fact a decree for the defendants was right. The fixtures belonged to them. *Vorenberg* v. *American House Hotel Co.* 246 Mass. 108. The defendants did not waive their rights to the property and they are not estopped to assert their title. Their delay to claim their property, the giving of the mortgages, the advertising and sale of the fixtures, were not enough to show a waiver by them or an estoppel on their part. These were questions of fact, and the judge who heard the witnesses found that there was no waiver; by finding for the defendants he must also have found that they were not estopped to assert title. See *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. The defendants had no actual knowledge of the mortgages made by Karalekas or of the various transactions referred to. They cannot be deprived of their property rights merely because they neglected to insist on them at an earlier date. We find nothing in *Stewart* v. *Finkelstone,* 206 Mass. 28, and the other cases relied on by the plaintiff, in conflict with what is here decided.

*Decree affirmed with costs.*