BANCROFT STEEL CO., INC. *vs.* KUNIHOLM MFG. CO.

Worcester. September 27, 1937. — July 8, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, & COX, JJ.

*Mortgage*, Personal property: what property covered. *Sale*, Conditional. *Contract*, Construction. *Words*, "Belonging."

By possession taken under a mortgage of personal property which the parties thereto agreed should cover all property acquired after its date whether it was "in a raw state, in process or completed," the

mortgagee, as against a conditional vendor, did not acquire title to steel delivered to the mortgagor after the date of the mortgage under the contract of conditional sale, which provided that title thereto until payment therefor should remain in the vendor "whether in the original, manufactured or completed state," where it appeared that the steel had not been paid for, that some of it was entirely unfabricated, and that, although the rest was in various stages of fabrication with other materials into the vendee's product, by far the greater part of that product consisted of the steel.

A promise to pay a conditional vendor the "fair value" of any of certain property "belonging to" him covered property sold by him on the conditional sale and not paid for and was not too indefinite to be enforced.

CONTRACT. Writ in the Superior Court dated July 31, 1935.

The declaration was in two counts, the first upon an account annexed for goods sold and delivered; in the second count the plaintiff alleged that the defendant had agreed to take certain merchandise belonging to the plaintiff and to pay therefor the fair market value, and that the defendant took the merchandise but never paid therefor.

The action was referred to an auditor whose findings of fact were to be final, and upon his report judgment was ordered for the plaintiff by *Whiting*, J. The defendant alleged exceptions.

The case was argued at the bar in September, 1937, before *Field, Donahue, Lummus, & Qua*, JJ., and afterwards was submitted on briefs to all the Justices except *Ronan*, J.

*A. E. Livingstone*, for the defendant.

*H. Zarrow*, for the plaintiff.

DONAHUE, J. The plaintiff, a corporation engaged in the selling of steel, on December 6, 1934, entered into a written agreement of conditional sale with the Industrial Hardware Corporation, hereinafter referred to as the industrial company, which manufactured a product called "baby-walkers," whose basic material was steel. Among other things the agreement provided that "title to all merchandise delivered" to the industrial company, "whether in the original, manufactured or completed state, shall at all times remain in" the plaintiff "until payment therefor in cash is made" to

the plaintiff, that the industrial company "shall have the right to sell the merchandise in the completed state for the benefit" of the plaintiff, that "the monies owing as a result of the sale of said completed merchandise shall be the property of" the plaintiff, that the industrial company should act as the agent of the plaintiff in collecting the accounts receivable and that in the event of default the plaintiff should have "all rights to repossess all the property in whatever form the same may be."

Prior to the time of the execution of the conditional sale agreement, the industrial company for good consideration on June 25, 1932, gave to the defendant a chattel mortgage which included "All of the goods, wares and merchandise either in process of manufacture or completed and including such completed and incompleted stock as may be stored in warehouses. Also all of the raw materials used by us in our manufacturing business including steel . . . and any and all other raw materials used by the said . . . [mortgagor] in the manufacture of its goods." The mortgagor reserved the right to sell and ship its finished product free of the mortgage. The mortgage further provided that "in consideration of the above reservation the . . . [mortgagor] agrees that this instrument shall cover all property acquired after this date and used in the conduct of its business, whether the said property shall be in a raw state, in process or completed."

The defendant on May 2, 1936, took possession under its mortgage of all the personal property then in the plant of the industrial company. Twelve days later at a foreclosure sale the defendant purchased all such personal property in bulk after making the statement through the auctioneer that title to a portion of the personal property was in dispute between the plaintiff and the defendant.

On May 6, prior to the foreclosure sale, the plaintiff sent to the defendant a copy of its contract of conditional sale and a demand for all merchandise "belonging to it" on the premises of the industrial company, specifying particularly "all sheet metal whether in the original, manufactured or completed state, delivered" by the plaintiff to the industrial

company "under the terms of the conditional sales contract dated December 6, 1934."

On the day before the foreclosure sale, authorized representatives of the plaintiff and of the defendant met on the premises of the industrial company and discussed the matter of the title to the personal property demanded by the plaintiff. An agreement was then and there reached to the effect that the defendant would pay to the plaintiff the fair value of any personal property on the premises belonging to the plaintiff. The representative of the defendant stated that he would "check up on the property and straighten things out later." The plaintiff brings this action to recover the value of such property.

The case was heard by a judge of the Superior Court on the report of an auditor whose findings, by the terms of the order appointing him, were to be final. The case comes to this court on the defendant's exceptions to the denial of its motion for judgment and to the granting of the plaintiff's motion for judgment in its favor on the auditor's report.

In addition to the facts hereinbefore related the auditor found that the defendant took and retained possession of the following property which consisted of or included steel which had been sold to the industrial company by the plaintiff under the conditional sale agreement, and the value of such property: (a) five tons of unfabricated steel, $322.50; (b) parts consisting entirely of fabricated steel, not painted, $600; (c) parts, which consisted entirely of fabricated steel, painted, $146; (d) parts, made of fabricated steel attached to other materials, $397.78; (e) completed products of the industrial company including steel, $465.27.

The auditor also found that the plaintiff was entitled to recover from the defendant the five amounts above stated aggregating $1,931.55, with interest thereon from the date of the writ, unless the defendant by reason of its mortgage, and its taking possession thereunder, acquired rights superior to the rights of the plaintiff under its conditional sale agreement to the property described in the preceding paragraph.

All the steel here in question was delivered to the industrial company after the defendant's mortgage was given. Under the settled law of this Commonwealth the mortgage did not attach to the steel as it came into the hands of the industrial company (*Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 259 Mass. 585, 593) and the defendant could acquire no interest in it until possession was taken under the mortgage. *Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 283, and cases cited.

No other material was added to certain portions of the steel taken by the defendant, namely the five tons which remained in the same state as when delivered by the plaintiff, and the steel in such fabricated parts as were unpainted. By the terms of the conditional sale contract the plaintiff did not part with the title to the steel delivered. The vendee under the contract of sale could not give title thereto, good as against the plaintiff, either to a *bona fide* purchaser for value without notice of the plaintiff's title (*Bousquet* v. *Mack Motor Truck Co.* 269 Mass. 200, 201, 202) or to a mortgagee. *C. B. Cottrell & Sons Co.* v. *Carter, Rice, & Co. Corp.* 173 Mass. 155. *Hough* v. *Omansky*, 263 Mass. 112. Although the vendee named in the conditional sale contract had a special interest in the steel which it could mortgage or sell (*Rowe Vending Machine Co. Inc.* v. *Morris*, 276 Mass. 274, 280), a vendee or mortgagee under such a transfer would thus acquire no greater or other interest than the original vendee had, that is, the right to acquire the full title to the property by performing the conditions of the conditional sale contract. *Colella* v. *Essex County Acceptance Corp.* 288 Mass. 221, 228. *Hyland* v. *Hyland*, 278 Mass. 112, 117. Those conditions have not been fulfilled and the title to the five tons of steel and the steel in the unpainted parts remained in the plaintiff unaffected by the defendant's mortgage or the possession taken under it.

The same thing is true of the remainder of the steel, possession of which was taken by the defendant, including the steel in the fabricated parts which were painted and in the parts to which other material had been added and the steel which was in the finished product of the industrial

company, unless, as the defendant contends, through the operation of the doctrine of accession the plaintiff's title to the steel had become lost.

The parties to the contract of conditional sale contemplated that some materials should be added to the steel in the manufacture of the vendee's product, but the basic material in the finished product was to be the steel sold by the plaintiff. The auditor has described the processes of manufacture and has enumerated and described the various parts of fabricated steel which when assembled constituted the finished product. It is manifest from his findings that by far the greater part of such finished product consisted of steel sold by the plaintiff under the conditional sale contract. The industrial company by furnishing labor in the fabricating and assembling of the parts, and by the annexation of some other material, added to the value of the steel in the parts and in the finished product. This was done before the defendant, by taking possession, had acquired an interest in any material or merchandise bought by the industrial company after the mortgage was given. In the circumstances appearing the plaintiff, which had furnished and retained title to the principal materials in the parts and in the finished product, did not lose the title to such materials. It acquired title to the lesser materials added as against the vendee and the defendant. *Glover* v. *Austin*, 6 Pick. 209, 220. *Sumner* v. *Hamlet*, 12 Pick. 76, 83. *Mitchell* v. *Stetson*, 7 Cush. 435, 439. *Harding* v. *Coburn*, 12 Met. 333, 340. *Putnam* v. *Cushing*, 10 Gray, 334, 336. *Atchison, Topeka & Santa Fé Railway* v. *Schriver*, 72 Kans. 550. *Mack* v. *Snell*, 140 N. Y. 193. *Pulcifer* v. *Page*, 32 Maine, 404.

All the steel here in question belonged to the plaintiff at the time the agreement with the defendant was made on the day before the foreclosure sale. In that agreement the defendant agreed to pay to the plaintiff "the fair value of any property on the premises" of the industrial company "belonging to" the plaintiff. This provision was not too indefinite to be enforced because the amount to be paid for the property was its "fair value" (*Noble* v. *Joseph*

*Burnett Co.* 208 Mass. 75, 82; *Silver* v. *Graves,* 210 Mass. 26, 29), nor because the subject matter was described as "any property on the premises belonging to" the plaintiff. *Ramey Lumber Co. Ltd.* v. *John Schroeder Lumber Co.* 237 Fed. 39, 44. The word "belonging" adequately describes legal ownership. *Spear* v. *Hooper,* 22 Pick. 144. *Commonwealth* v. *Hamilton,* 15 Gray, 480, 482. *Maddocks* v. *Gushee,* 120 Maine, 247, 250. It does not import only an absolute, unqualified title. *The Isabela,* 258 Fed. 934, 935. *Baltimore Dry Docks & Ship Building Co.* v. *New York & Porto Rico Steamship Co.* 262 Fed. 485, 488.

Since the defendant by its mortgage and by taking possession thereunder did not acquire rights superior to the rights of the plaintiff under the conditional sale contract, the plaintiff is entitled to recover the sum of $1,931.55 with interest thereon from July 31, 1935, the date of the writ.

*Exceptions overruled.*