Henchey, J.
In this action of tort the plaintiffs seek damages for an alleged conversion by the defendant of a Ford Phaeton automobile. The defendant’s answer was a general denial.
There seems to be little, if any, dispute as to the facts involved. The plaintiffs bought the car in question from Siegal’s Auto Sales Co. under a conditional sales contract, *407 dated May 14,1938, and signed by both plaintiffs. The selling price was $424.00 of which $145.00 was paid down and the balance of $279.00, (including a finance charge of $59.00 of which $20.00 was for insurance' and the remainder for interest and carrying charges), was payable in twelve monthly installments. By the terms of the contract, the entire balance was to become due on default of any payment. The Siegal Company assigned the contract and note to the defendant, a foreign corporation, which was not at any time since January, 1938 licensed to conduct a so-called “small loans business” in Massachusetts; nor was it a fraternal mutual benefit society, nor a loan company established by a special charter.
On September 16, 1938, when only two installments had been paid, and two installments were overdue, the defendant repossessed the automobile. Ten days later the defendant sold the automobile for $175.00 to the Harvey Motor Sales Co., a Massachusetts corporation. The Harvey Co. made extensive repairs on the car and several weeks later sold it to a third person.
From' the date of purchase to the date of repossession the plaintiffs drove the car about 8000 miles. After repossession, the plaintiffs never made any offer of payment of any moneys due and made no attempt to get the car back.
There was a dispute as to the fair market value of the car. The trial judge found that the defendant rightfully repossessed the car; that the defendant resold the car before the plaintiffs’ right of redemption had expired; and that if the plaintiffs had tendered the amount due with costs, it was “problematical” whether the defendant would have been able to re-deliver the car to the plaintiffs.
*408 The trial judge then stated: “plaintiffs were not, at the time of the sale to the Harvey Motor Sales Co., entitled to immediate possession. They are not, therefore, entitled to recover in this suit for conversion.”
By a writ dated March 4, 1939 (before this present suit) the present defendant sued the present plaintiffs in an action of contract, with two counts, for the balance of $52.50 due on a contract of conditional sale and on a promissory note. In addition to a general denial and a plea of payment, the present plaintiffs pleaded in that action that the contract and note were in violation of Chapter 255 of the General Laws of this Commonwealth. In that action the trial judge found for the defendant.
In the instant case, over the plaintiffs’ objection, the defendant was allowed, on cross-examination, to ask a witness questions which related to the number of payments due and unpaid at the time of repossession. The plaintiff requested that the trial judge’s rulings on this evidence be reported.
In addition the plaintiff .filed certain requests, twenty-three in number, some of which were denied and. others were allowed.
The trial judge found for the defendant, thereupon the plaintiff made a motion for a new trial, which was denied after a hearing.
The case comes before us after the plaintiff seasonably objected to the rulings of the trial judge.
This case is wrought with difficulties. It presents many problems, some of which have never before been decided by the Supreme Judicial Court of this Commonwealth. After a careful consideration of the ramifications of this case and of the law applicable to the situations here *409 involved, we have come to the conclusion that there were no errors of law in the rulings of the trial judge. We do not deem it necessary to discuss in detail each request for rulings.
In accordance with the terms of the conditional sales contract, under which the plaintiffs purchased the automobile in question from the Siegal’s Auto Sales Co., title was to remain in the seller until the last payment was made. With delivery of the automobile to the conditional vendees under this conditional sales contract, they acquired a special property therein and the right to divest the conditional vendor of title and vest full title in themselves by tendering or paying the unpaid balance. Package Confectionery Co., Inc. vs. Perkit, et al., 281 Mass. 554; Bancroft Steel Co., Inc., vs. Kiemholm Mfg. Co., 301 Mass. 91. This is a substantial right, which can be mortgaged or sold. Thomas G. Jewett Jr., Inc. vs. Keystone Driller Co., 282 Mass. 469. In the event of a default in payment by the conditional vendees, (as occurred in the instant case), the conditional vendees may redeem the property within fifteen days of the taking by paying to the conditional vendor the amount due plus interest and charges. Gren. Laws, Chapter 255, Section 11, as amended by the Acts of 1939, Chapter 509, Section 1. Since this right of redemption is a statutory right, it is elementary that the conditional vendees must show , complete compliance with the statute in order to acquire it.
It is undisputed that the plaintiffs defaulted in their payments, that the car was repossessed, and that, after repossession, the plaintiffs never made any offer of payment of any moneys due and made no attempt to get the car.
To be sure, it is objected that the conditional vendees are excused from making payment or a tender of payment be *410 cause- the defendant had sold the automobile before the statutory period for repossession had. expired. This exact question has never before been decided by our Supreme Judicial Court. We are definitely of the opinion that such action by the defendant was wrongful and in the appropriate circumstances could be held liable in damages. But we also are .of the opinion that in the present circumstances the defendant is not liable in tort for conversion for whatever wrong it may have committed in selling the car.
There can be no dispute as to the general principles of law governing actions of conversion. As far as the plaintiffs are concerned, they must prove that at the time of the alleged conversion they had either a general or special property in the goods alleged to have been converted and also, (and this is very important) that they had either actual possession or the right of immediate possession. Hardy vs. C. I. T. Corporation, 291 Mass. 157; Standard Plumbing Supply Co. vs. Gulesian, 297 Mass. 214; Donahue v. Leventhal, 302 Mass. 393; Mass. Lubricant Corp. vs. Socony-Vacuum Oil Co., Mass. Adv. Sh. (1940), 323. As for the defendant, a wrongful claim of dominion over property is; enough to constitute a conversion. Lawyers’ Mortgage Investment Corp. of Boston vs. Paramount Laundries, Inc. et al., 287 Mass. 357.
The plaintiffs’ special property in the automobile in question cannot be disputed. Nor can it be disputed that the. plaintiffs did no.t have actual possession at the time of the alleged conversion. Nor can it be said, we believe, that the plaintiffs had the right to immediate possession at the-time of the alleged conversion. Certainly they had the right of redemption at that time, but that is not the same as-the right, to immediate possession. The statute requires a *411 payment of the amount owing, plus charges, or a tender of that amount. Neither was done. If it could he said that the plaintiffs were excused from making payment because of the defendant’s conduct in selling the car, we do not believe that the plaintiffs were entitled to sit back and make no effort to repossess their automobile. Lacking this right to immediate possession, the plaintiffs cannot maintain this action for conversion. Marder vs. Moose Hill Spring Tonic Co. et al., 228 Mass. 126.
Before we conclude, there is one aspect of the case which has caused us considerable trouble and upon which we deem it advisable to comment.
At the time this matter was argued before us, counsel for the plaintiff gave considerable attention to the contention that the transaction, whereby the conditional sales contract and the note accompanying it were assigned to the defendant, was in violation of the so-called “Small Loan Act.” Glen. Laws, Chapter 140, Sections 96 and following. This contention finds support in our cases. Modern Finance Co. vs. Holz, Mass. Adv. Sh., (1940), 1747. By the provisions of the statute the note would become void. “It could be argued that, in the defendant’s hands, the contract was also void. “It was an integral part of a criminally void transaction and can stand on no better ground than the rest of it.” Sherman vs. Conn. Mutual Life Ins. Co., 222 Mass. 159; Marcotte vs. Mass. Security Corp., 250 Mass. 246.
With the enactment of Chapter 158 of the Acts of 1941, approved April 4,1941, this part of the “Small Loan Act” has been changed. The buying of notes was considered to be engaging in the small loans business. Under the new enactment, this is not so in any transaction involving any *412 note evidencing the indebtedness of a buyer to a seller of goods or insurance for a part or all of the purchase price. By its very terms, the new act is retroactive, Section 2 providing that the act “shall apply to any transaction entered into prior to its effective date.” This would seem to make valid the transaction in the instant case.
But to conclude the fatal defect in the plaintiffs’ case is the lack of the right to immediate possession of the automobile at the time of the conversion. This being so, the report must be dismissed.
Report dismissed.