## ROSEN v. HAINES–CE BROOK, Inc.

### Civ. No. 2222.

District Court, D. Massachusetts.

Dec. 3, 1943.

Sidney J. Kagan, of Boston, Mass. (Richmond, Rosen & Kagan, of Boston, Mass., of counsel), for plaintiff.

Charles J. Dunn, of Boston, Mass., and Murray Brown, of Lynn, Mass., for defendant.

WYZANSKI, District Judge.

This is a suit by a trustee in bankruptcy brought under Sec. 60 of the Bankruptcy Act, Act of June 22, 1938, c. 575, 52 Stat. 840, 869, U.S.C.A. T. 11, Sec. 96, subs. a, b, to recover the value of property alleged to have been received by the defendant from the bankrupt as a preference. Four principal issues are raised: (1) whether the mortgage given by the bankrupt on May 1, 1939, to the defendant purports to include chattels acquired thereafter by the bankrupt; (2) if so, at what time the mortgage became effective with respect to after-acquired property so far as concerns the trustee in bankruptcy; (3) whether at that time the defendant had reasonable cause to believe that the bankrupt was insolvent; and (4) if so, what was the value

of the after-acquired property which was then embraced within the mortgage and of which the defendant took possession.

The first two issues are not seriously contested.

■ The mortgage plainly was intended to cover after-acquired property. In giving permission to the mortgagor to substitute new chattels for old chattels, the mortgagee intended to secure a lien on the new chattels. Undoubtedly it would have been more artistic and in accordance with ancient rules for the draftsman of the mortgage to have expressed this intent in the "habendum" clause. But the expression of the intent in a clause other than the "habendum" clause is adequate and serves to bring the after-acquired chattels within the terms of the mortgage.

■ The mere inclusion of after-acquired chattels within the terms of the mortgage does not, however, make the lien on them effective against the trustee in bankruptcy. The effectiveness against the trustee turns on Massachusetts state law. Corn Exchange Nat. Bank v. Klauder, 318 U.S. 434, 436, 437, 63 S.Ct. 679, 144 A.L.R. 1189. And under Massachusetts law, the lien on after-acquired property became effective as against the trustee only when the mortgagee took possession. Bancroft Steel Co., Inc. v. Kuniholm Mfg. Co., 301 Mass. 91, 95, 16 N.E.2d 78, 117 A.L.R. 678.

■ There is a sharp dispute between the parties as to whether on the date defendant took possession, that is, on April 8, 1940, it had reasonable cause to believe that the bankrupt was insolvent in the bankruptcy sense. On this point, I find as a fact that the defendant had such reasonable cause. Mr. Sanderson, the officer who concededly had authority to act for defendant, testified that he knew in January or February that the bankrupt had not then paid his current $325 monthly rent bill, or a $400 ice cream bill, or the latest $250 monthly installment of principal on the mortgage, all of which were overdue; and that he knew the bankrupt was then insolvent at least in the equity sense. He or his then counsel, Mr. Brown, knew on April 1 that two installments of principal of the mortgage were overdue; that the appearance of the bankrupt's store indicated that the inventory was depleted; and that the bankrupt's business in 1939 and 1940 had been run in so obviously disorderly a fashion that it was probable that a person

like the bankrupt whose assets, as the defendant knew, had merely equaled his liabilities in March 1939 must by 1940 have reached disaster. Finally, the bankrupt testified that about two days before April 8 he himself gave to defendant information which in my opinion revealed the true situation.

The final point is what was the value of the after-acquired property when defendant took possession. Plaintiff, after making certain allowances, contends that a fair valuation is $1,800; defendant contends $700. I find as a fact that the value is $1,800. My reasons for this conclusion may be briefly summarized. One week after the foreclosure of the mortgaged property the mortgagee sold it for $7,000. This I find was the fair value of the property. The property sold for that price included prescription books worth $300; fixtures originally covered by the mortgage which I value at $3,000; fixtures subsequently acquired which I value at $100; and merchandise originally covered and subsequently acquired, which I value at $3,600. I conclude that the after-acquired fixtures and merchandise were worth not less than $1,800.

■ Judgment shall be entered for the plaintiff for $1,800 with interest at 6% from February 12, 1943, the date action was begun, which, under the authority of Kaufman v. Tredway, 195 U.S. 271, 273, 25 S.Ct. 33, 49 L.Ed. 190, is the critical date.