*Southern District*

## SECURITY BANKERS, INC.

### v.

## FRANCIS K. COLLINS
### and
## KATHLEEN F. COLLINS

*Sgarzi, J.* The plaintiff brought this action of contract on a promissory note to recover the sum of $1,948.74 and interest in the sum of $350.64. The defendants' answer was a general denial with further allegations that the signatures were obtained by fraud in connection with the repurchase by the plaintiff of certain shares of stock of the plaintiff corporation owned by the defendants. The answer further denied the signature of the defendant Kathleen F. Collins and demanded proof thereof.

At the trial the plaintiff objected to the admission in evidence of a conversation between the defendant Francis K. Collins and one Fred E. Hilton who was an officer of the plaintiff corporation and later within five days filed a claim for a report as required by Rule 27 of the District Courts. The claim however does not contain the question and answer objected to but merely declares that the evidence was inadmissible as in violation of the rule against hearsay. Since the testimony itself is not reported in the claim it cannot be determined whether the plaintiff was prejudiced and it must be held that there was not proper compliance with the rule. *Rawlins*

*v. Perry,* 284 Mass. 488; *Stevens v. William S. Howe Co.,* 275 Mass. 398.

 Further, since the matter was not argued in the Plaintiff's Brief the objection is treated as waived.

The Court found for the defendants and filed the following decision containing findings of fact which were amply supported by the evidence reported:

"I find that the plaintiff was a banking organization and that in 1948, the defendants obtained 20 shares of preferred stock in the plaintiff corporation for which they paid $2,000.00. On February 23, 1949 the defendant, Francis K. Collins borrowed from the plaintiff $317.20 and acknowledged the receipt thereof.

It is the plaintiff's contention that on September 13, 1951, the defendant, Francis K. Collins executed various loan documents consisting of an application for a loan, a promissory note for $1,989.00, a receipt for $1,577.25, a borrower's statement and a stock power, all of which were introduced into evidence. It is the contention of the plaintiff that the note was executed for $1,989.00 which included advanced interest for 3 years of $189.00, credit of $215.00 for the balance due on the previous note and credit for the interest due on the latter note of $7.75. It was contended that the defendant, Francis K. Collins actually received after these credits, the amount of $1,577.25 for which he signed an acknowledgement.

The defendants contend that Mr. Collins, on September 13, 1951, went to the plaintiff's office for the purpose of turning in his stock and that in his conversation with Mr. Hilton, an officer of the plaintiff corporation who had a great deal of control over the conduct of the plaintiff's business, it was agreed that the stock certificate was to be cashed in for $1,800.00 against which was to be discounted the balance and interest due on the note dated February 23, 1949. Mr. Collins contends that Mr. Hilton talked very rapidly and gave him, as he de-

scribed it, a "fast pitch" asking him to sign hurriedly a number of papers which were piled in a heap designating him to, "sign here, sign here, and sign here" etc. The said Collins hurriedly signed the various forms which were not filled in; that he did not notice what forms he was signing; that it was his impression that the forms that he signed were for the purpose of relinquishing and transferring his interest in the stock. He was thereupon paid $1,577.25.

It was contended by the defendant that thereafter he had no further business transactions or connections with the plaintiff company, that he saw Hilton on various occasions after that and that never was the transaction further discussed.

I find as a fact that after the execution of these documents on September 13, 1951, that the defendant was not called upon to make any payments on the note and that there were no notices of demand or default sent to him; that prior to the execution of these documents, he received periodic notices of stockholder's meetings, but thereafter he received no notices of stockholder's meetings. The only credits given on this latter note according to the ledger card were several small payments which the plaintiff contends to be stock dividends.

I find that according to the ledger card of the plaintiff company there is no discernible evidence of any notices being sent. A witness, a bookkeeper and secretary of the plaintiff corporation, testified that on the ledger card there was an "N" which indicated to her that at least one notice was sent, but from a close examination of this notation, it appears to the court that the notation seems to be "In" and not "N", so that therefore, the interpretation placed on this lettering by the witness must be taken as somewhat questionable.

The court finds that the defendant, Francis K. Collins, is an intelligent person who has had varied

business experience, being presently engaged in selling investments and who was previously engaged in selling life insurance.

I also find that the plaintiff company went into Receivership on October 25, 1954 with Attorney Joseph C. Duggan being appointed as Receiver. It was called to the court's attention that upon the appointment of the Receiver, Mr. Hilton was immediately discharged and has since absconded.

The court is mindful of the strong presumption running against a man who signs documents without informing himself of their contents and that usually the import of these documents cannot be overcome in the absence of fraud. The court also recognizes and may rightfully infer that the appointment of a Receiver for the plaintiff corporation is some evidence of mismanagement and improper operation of its business, especially in light of the absconding of Mr. Hilton which leaves much to be desired as to his integrity and business scruples.

In the usual case of a suit on a bank note, the defense as presented here would not with any court carry much weight, but under all of these circumstances, and view of the fact that there was no further contact by the bank with the defendants after the signing of the alleged note, a reasonable suspicion is raised in the court's mind as to the validity of the note. It does not appear very likely that over a period of several years if a man owed money on a note to a bank, that he would not be called upon to make payments or that he would not be notified in some manner of his default. The failure to send any further notices to the defendants relative to their position as stockholders also raises doubt in the court's mind as to the validity of the plaintiff's claim.

I therefore find from all of the evidence that Mr. Collins' contention that he did not intend to execute the promissory note sued on, and that the documents were not intended in any way for the purposes of

a loan, is worthy of belief. What Mr. Hilton's motive might have been, the court is at a loss to understand, but from all of the evidence it would appear that the contention of the defendants is just as tenable as that of the plaintiff, and the evidence presented in behalf of the defendants is entitled to as much weight as is that of the plaintiff. I therefore find that the plaintiff has failed to sustain its claim.

I further find that the plaintiff has not proved the signature of the defendant, Kathleen F. Collins, after demand of proof."

At the conclusion of the trial the plaintiff made the following requests for rulings, all of which were denied.

1. Upon all the law and evidence the Plaintiff is entitled to recover in this action against the Defendant.
2. The Defendant, Francis K. Collins signed a promissory note payable to the Plaintiff, and the same, though due, has not been paid in full.
3. The Defendant, Kathleen F. Collins, signed a promissory note payable to the Plaintiff, and the same, though due, has not been paid in full.
4. The Defendants received full consideration for the note sued upon.
5. There is no evidence to warrant a finding that the signatures to the note sued upon were procured by fraud.
6. There is no evidence to warrant a finding that the instrument sued upon and signed by the Defendants was anything other than a promissory note.

The defendant filed the following requests for rulings, all of which were granted.

1. The evidence warrants a finding for the Defendant Francis K. Collins.
2. The evidence warrants a finding for the Defendant Kathleen Collins.
3. If the note declared upon was signed by either Defendant as part of a transaction for the repurchase of stock from them by the plaintiff, and they received payment for the stock and no money for the note, the note was without consideration.

4. If at the time the note was received by the Plaintiff from the Defendants, there was no intention on the part of either Defendant to borrow money from the Plaintiff, and the money that was paid by the Plaintiff was for stock delivered by the Defendants to the Plaintiff, the note was without consideration.

5. If the Court finds that after September 13, 1951, no notice was sent to the Defendants or either of them by the Plaintiff of meetings, dividends, or application of dividends to the indebtedness allegedly created by the note, and there was no waiver, neither of the Defendants is liable.

6. Fred E. Hilton, on September 13, 1951, had ostensible power to —

 (a) carry out previous agreements made by the Plaintiff with the Defendants.

 (b) repurchase its corporate stock.

 (c) to manage the Plaintiff's business generally.

7. If the note declared on was made and delivered at the request of Plaintiff, and the Defendants received no consideration, there is no liability.

The plaintiff claims to be aggrieved by the decision, the admission of certain evidence, the denial of its requests for rulings, the granting of the defendants' requests and further claims that the decision is contrary to the evidence and applicable law.

Findings of fact must stand and are not reviewable on appeal unless they involve rulings of law on the evidence. *Ahern v. Towle,* 310 Mass. 695.

The Court found in effect that the defendants did not intend to sign a promissory note and that the plaintiff's agent had no authority to fill the blanks in the instrument. This finding was supported by the evidence and involved no error of law.

G. L. c. 107, §38 provides that a contract on a negotiable instrument is incomplete and revoc-

able until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, in order to be effectual the delivery must be made either by or under the authority of the party making it. The situation might have been different if the plaintiff had been a holder in due course. *Tower v. Stanley*, 220 Mass. 429; *Munroe v. Stanley*, 220 Mass. 438; *Greenfield Sav. Bank v. Stowell*, 123 Mass. 196; *Sherman v. Conn. Mut. L. Ins. Co.*, 222 Mass. 159.

With regard to the denial of the plaintiff's requests for rulings of law we perceive no error. The first was properly denied as not conforming to Rule 27. *Okin v. Sullivan*, 307 Mass. 228; *Gibbons v. Denoncourt*, 297 Mass. 448.

The remaining requests were properly denied as based on facts which the judge was not required to find and were inconsistent with the facts which he did find. *Castano v. Leone*, 278 Mass. 429; *Memishian v. Phipps*, 311 Mass. 521; *DiLorenzo v. Atlantic Nat. Bank*, 278 Mass. 321; *Holton v. Denaro*, 278 Mass. 261.

The granting of the defendants' requests discloses no error of law. *The report is ordered dismissed.*