Matter of SUPER VALUE MARKET, Bankrupt.
No. 66-56.

United States District Court
D. Massachusetts.
May 14, 1957.

Leonard Salter, Boston, Mass., for trustee.

Robert V. Mulkern, Worcester, Mass., for petitioner.

FORD, District Judge.

This is a petition for review of an order of the referee in bankruptcy requiring petitioner Alfredo Alicandro to turn over to the trustee an amount which the referee found to be a preferential transfer.

The bankrupt was a co-partnership consisting of the two sons of petitioner. On February 14, 1955, the day the partnership was organized, petitioner advanced to the partners the sum of $10,000 and they gave him a note and a mortgage, later duly recorded, of their inventory, expressly including the inventory to be subsequently acquired. No payment of interest or principal on the note was ever made.

■ On January 10, 1956, petitioner took possession of the inventory, which had been acquired subsequent to the mortgage, and hired the sons to sell it out for him. They did so and turned over to him the proceeds in the amount of $1,780.24. The partnership was adjudicated bankrupt on an involuntary petition filed against it on January 31, 1956.

The referee found that petitioner took over the inventory, whose value he found to be $2,200, within four months of the bankruptcy petition and at a time when he knew or had reasonable cause to believe bankrupt was insolvent and ordered him to pay to the trustee the sum of $2,200 with interest from July 26, 1956, the date on which the Turn-Over petition was filed.

Petitioner objects that the evidence did not warrant certain findings of the referee. The finding that petitioner knew or had reasonable grounds to believe the bankrupt partnership was insolvent on January 10, 1956, is clearly warranted by the facts set forth in the agreed statement of facts submitted to the referee as to the petitioner's efforts prior to that date to collect the money owed him and their failure to pay on the grounds they did not have any money to give him. From the same agreed facts it is clear that the referee was warranted in finding that January 10, 1956, was the date on which the petitioner took physical possession of the inventory. As to the $2,200 valuation placed on the inventory, this was based on the testimony of the bankrupts themselves.

The real contention of petitioner, however, is his argument that his taking possession of the inventory on January 10, 1956, did not constitute a transfer to him of the property, which was inventory acquired subsequent to the giving of the mortgage, and that the transfer of the property to him should be found to have been made either on the date the mortgage was given or on the date on which because of a default in payments by the bankrupt he acquired a right under his mortgage to take possession. Since both of these dates were more than four months prior to the bankruptcy petition, the transfer could not then be found to have been a preference.

■ Under the provisions of the Bankruptcy Act for the purpose of determining whether a transfer is a preference, "a transfer of property other than real property shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become

superior to the rights of the transferee." Bankruptcy Act, § 60, sub. a (2), 11 U.S.C.A. § 96, sub. a(2). The determination of when a transfer has been so far perfected as to meet the requirements of § 60, sub. a(2) must be made by reference to the applicable state law governing the transaction. Corn Exchange National Bank & Trust Co. v. Klauder, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884.

Under Massachusetts law a chattel mortgage of goods to be subsequently acquired by the mortgagor is treated as an executory agreement for a mortgage. The mortgagee is authorized to take possession of the goods as soon as acquired, provided he does so before third persons acquire rights in them. But until the mortgagee actually takes possession an attaching creditor as well as a bona fide purchaser can acquire rights in the after-acquired property superior to those of the chattel mortgagee. Brancroft Steel Co., Inc., v. Kuniholm Mfg. Co., 301 Mass. 91, 95, 16 N.E.2d 78, 117 A.L.R. 678; West Springfield Trust Co. v. Hinckley, 258 Mass. 157, 163, 154 N.E. 580; Wasserman v. McDonnell, 190 Mass. 326, 328, 76 N.E. 959; Blanchard v. Cooke, 144 Mass. 207, 225, 11 N.E. 83.

Until petitioner here took possession of the after-acquired inventory on January 10, 1956, he had no right to the property which could not have been defeated by an attaching creditor. Hence it was not until that date, within four months prior to bankruptcy, that the transfer of the property was made within the meaning of § 60, sub. a(2). Plaintiff relies on cases such as Massachusetts Trust Co. v. MacPherson, 1 Cir., 1 F.2d 769, holding that when a mortgagee takes possession of after-acquired property his possession is regarded as dating back to the date when the right to take possession accrued. That doctrine is no longer valid as applicable to the question here involved since the enactment of the present test established by § 60, sub. a(2) by the 1938 amendments to the Bankruptcy Act. Corn Ex-

change National Bank & Trust Co. v. Klauder, supra; Rosen v. Haines-Ce Brook, Inc., D.C., 52 F.Supp. 791, 792; In re Markert, D.C., 45 F.Supp. 661.

The petition for review is dismissed and the order of the referee is confirmed.